UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NOVALASH, INC, | § | |
| | § | |
| Appellant, | § | |
| VS. | § | CIVIL ACTION NO. 4:12-CV-883 |
| | § | |
| JULENA TRESSA REED, | § | |
| | § | |
| Appellee. | § | |
| | § | |

## **OPINION AND ORDER**

Pending before the Court is an appeal by Appellant-Plaintiff NovaLash, Inc. ("NovaLash") from an order of dismissal issued against it by the Bankruptcy Court in the Southern District of Texas ("Bankruptcy Court") in its adversary proceeding against Appellee-Debtor Julena Reed ("Reed"). For the reasons explained below, the Court finds that the order should be reversed and the adversary proceeding should be reinstated.

### I.  Background

On August 12, 2011, Reed filed a Chapter 7 bankruptcy petition with the Bankruptcy Court. Appellant's Br. at 3, Doc. 7. According to NovaLash, Reed filed for bankruptcy in order to avoid paying damages to NovaLash for violating a judgment that NovaLash obtained in a state court case styled *NovaLash, Inc. v. truLASH, Inc., Neomi Mayer, Julena Reed, and Yen Kim Hoang*, No. 2010-46439 in the 164th Judicial District Court, Harris Count, Texas. Doc. 7 at 5-6. The Harris County Civil District Court (the "state court") entered judgment against Reed and her co-defendants on August 16, 2010, providing NovaLash "permanent injunctive relief." Doc. 7 at 4. Reed and her co-defendants allegedly violated that judgment, and NovaLash moved for

contempt on May 20, 2011. Doc. 7 at 5. The state court ordered Reed to appear and show cause why NovaLash's motion for contempt should not be granted. Doc. 7 at 5. Reed failed to appear for the show cause hearing, and it was reset for Monday, August 15, 2011. Doc. 7 at 5. The Friday prior to the hearing, Reed filed her bankruptcy petition. Doc. 7 at 6.[1]

On August 16, NovaLash filed a motion to modify the bankruptcy stay so that it could complete its contempt proceeding against Reed. Doc. 7 at 6. A hearing on NovaLash's motion was held on September 7, whereupon the Bankruptcy Court denied the motion and Reed agreed to comply with the state court judgment, pending the outcome of the bankruptcy proceeding. Doc. 7 at 6; Appellee's Br. at 2, Doc. 8.

On October 21, 2011, NovaLash filed its adversary complaint against Reed, alleging the non-dischargability of its claim. Doc. 7 at 7; Doc. 8 at 3. On October 24, 2011, the Bankruptcy Court entered an order setting a scheduling conference for November 7, 2011. Doc. 7 at 7. Thereafter, the conference was reset to December 9, 2011. Doc. 7 at 7. When the parties appeared on December 9, NovaLash had not yet issued summons on Reed. Doc. 7 at 7; Doc. 8 at 3. The Bankruptcy Court ordered NovaLash to issue summons, and, on the record, reset the scheduling conference for February 29, 2012. Doc. 7 at 7; Doc. 8 at 3. The Bankruptcy Court also ordered the parties to confer and file a report pursuant to Bankruptcy Rule 7026 at least three business days prior to the scheduling conference. Doc. 8 at 4-5. The courtroom minutes from this hearing were entered into the docket as follows:

> Courtroom Minutes. Time Hearing Held: 9:00 a.m. Appearances: Ben Aderholt. Scheduling conference continued to 2/29/2012 at 9:00 AM at Houston, Courtroom 400 (DRJ). Plaintiff to issue summons request within 10 days. If no answer, plaintiff will file a default order and set it for hearing on 2/29/2012. (jekd)

The following document(s) are associated with this transaction:

---

[1] On August 15, the state court entered the contempt against Reed's co-defendants, Mayer and truLash, providing injunctive relief and damages in excess of $190,000. Doc. 7 at 6.

11-03525 Notice will be electronically mailed to:

Ben L Aderholt on behalf of Plaintiff Novalash, Inc.
baderholt@lrmlaw.com, arrmstrong@lrmlaw.com

Russell Van Beustring on behalf of Defendant Julena Reed
ecf@beustring.com, ecf@beustring.com  (Doc. 8 at 3-4).

After multiple failed attempts, NovaLash finally effected service on Reed and on February 9, 2012, Reed filed her answer. Doc. 7 at 7-8. On February 29, counsel for Reed appeared for the scheduling conference and Mr. Aderholt, counsel for NovaLash, did not. Doc. 7 at 8-9; Doc. 8 at 4. No attempt to file a 7026 report was made. Doc. 8 at 4. At the conference, Reed made an oral motion to dismiss NovaLash's adversary proceeding, and the Bankruptcy Court granted the motion. Doc. 8 at 4-5. In its order, the Bankruptcy Court stated,

> "On December 9, 2011, the Court held a scheduling conference in this adversary proceeding. At the request of the Plaintiff, the scheduling conference was continued to February 29, 2012 at 9:00 a.m. The Court's order setting the original scheduling conference required the parties to confer and file a report pursuant to Bankruptcy Rule 7026 at least three business days prior to the scheduling conference. On February 29, 2012, the Court convened the scheduling conference. Counsel for the Defendant appeared. Neither the Plaintiff nor Plaintiff's counsel appeared. No Rule 7026 report was filed not [sic] was any attempt made to contact the Defendant's counsel to prepare the report. Based on the oral motion of the Defendant, it is ordered that: 1. This adversary proceeding is dismissed for want of prosecution and the Plaintiff's failure to comply with the Court's order. 2. The Clerk shall close this adversary proceeding." Order Dismissing Adversary, Bankruptcy R. on Appeal, Doc. 5-18.

Later that day, NovaLash filed a motion to reconsider along with an affidavit. Doc. 7 at 8. The motion stated:

> Plaintiff's counsel "in good faith, misunderstood the Court's statement at the December 9, 2011 Scheduling Conference about the February 29, 2012 date. NovaLash's counsel understood the Court to offer time to NovaLash to hear a motion for default on February 29, 2012 if NovaLash so desired. In the meantime, Defendant filed an Answer. Consequently, NovaLash's counsel believed the Court would not want to expend courtroom time on a useless default. Plaintiff's counsel believed the Court would set a scheduling conference after

>receiving the Debtor's answer.  Plaintiff's counsel had no idea the Court had set a scheduling conference for February 29, 2012 and would certainly have appeared had counsel understood it was set." Doc. 7 at 8-9 (citations to record omitted).

The Bankruptcy Court denied NovaLash's motion to reconsider, finding that (1) the scheduling conference was set by the Court on December 9, 2011 with NovaLash's counsel was standing before the Court; (2) the hearing was rescheduled as an accommodation because Plaintiff failed to timely request issuance of summons; (3) there was no misunderstanding by NovaLash's counsel.  Order filed March 19, 2012 in Adversary No. 11-3525, Bankruptcy R. on Appeal, Doc. 5-24.  This appeal followed.

## II.    Legal Standard

A dismissal for failure to prosecute is a discretionary ruling.  *Raborn v. Inpatient Mgmt. Partners, Inc.*, 275 Fed. Appx. 402, 404 (5th Cir. 2008).  A court reviews a dismissal for failure to prosecute for abuse of discretion.  *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).  A dismissal with prejudice is an extreme sanction that deprives the litigant of the opportunity to pursue his claim.  *Id.* (internal quotation marks and citations omitted).  Thus, trial courts have limited discretion to dismiss cases with prejudice.  *Id.*  Dismissals for failure to prosecute may be affirmed only if "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile."  *Id.*  Additionally, where dismissals are affirmed, at least one of the following aggravating factors is generally present: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."  *Id.*

**III.	Discussion**

Applying these standards to the present case, the Court concludes that the Bankruptcy Court exceeded its discretion by dismissing NovaLash's claims. The Bankruptcy Court did not state whether the suit was dismissed with or without prejudice. However, "unless an involuntary order of dismissal specifies that it is without prejudice…it operates as an adjudication on the merits." *Callip v. Harris Cnty. Child Welfare Dept.*, 757 F.2d 1513, 1519 (5th Cir. 1985) (citing Fed. R. Civ. P. 41(b); *Weissinger v. United States*, 425 F.2d 795, 798-99 (5th Cir. 1970) (en banc)). Therefore, the Court will consider the dismissal to be with prejudice under Federal Rule of Civil Procedure 41(b). *See also In re Wood*, 199 Fed. Appx. 328, 331 (5th Cir. 2006) ("[T]his Court has treated a dismissal for failure to prosecute as an involuntary dismissal under Federal Rule of Civil Procedure 41(b), which is a dismissal with prejudice.").

*A.	Clear Record of Delay or Contumacious Conduct*

NovaLash argues that there is no record of delay in this case. Doc. 7 10-11. NovaLash states that "but for counsel's misunderstanding, it has met every deadline, attended every conference and hearing, complied with every formality, and prosecuted its claims to the fullest. Doc. 7 at 10. Reed counters that NovaLash has caused delay on multiple occasions, including failing to properly serve her, failing to draft the Rule 7026 report, and failing to attend the scheduling conference. Doc. 8 at 9.

A "clear record of delay" evidences "significant periods of total inactivity." *Berry*, 975 F.2d at 1191 n.5 (internal quotation marks and citation omitted). The record here does not reflect any significant periods of inactivity or delay caused by NovaLash. The Bankruptcy Court dismissed NovaLash's case less than four months after it was initiated and only twenty days after Reed filed her answer. Under the Fifth Circuit's precedents, this record does not reflect the

length of delay necessary to merit dismissal. *See In re Wood*, 199 Fed. Appx. at 333 ("Twenty-six days does not constitute a significant period of time under our precedent. Our cases recognize that delay which warrants dismissal with prejudice must be longer than just a few months.") (internal quotation marks and citation omitted). Further, the Court does not find that Mr. Aderholt's failure to file the 7026 report or attend the 7026 hearing caused either the Bankruptcy Court or Reed to incur any significant delay.

Likewise, the record suggests that Mr. Aderholt's failure to attend the status conference was the result of negligence, not of contumaciousness. "[I]t is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead it is the 'stubborn resistance to authority' which justifies a dismissal with prejudice." *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 327 (5th Cir. 2008) (citing *McNeal v. Papason,* 842 F.2d 787, 792). *See also Gray v. Fidelity Acceptance Corp.*, 634 F.2d 226, 227–28 (finding delay caused by plaintiff's negligent, but not contumacious, conduct insufficient to warrant dismissal with prejudice).

Reed asserts that Mr. Aderholt's affidavit, wherein he swore that he did not receive notice of the rescheduled 7026 hearing, when he in fact did, is sufficient evidence of contumacious conduct to warrant dismissal. Reed further alleges that NovaLash lied in its briefing to this Court by stating that Mr. Aderholt "has never missed a hearing in his 40 years of practicing law." Appellee claims that Mr. Aderholt failed to appear for a prior hearing in this case and a junior lawyer in his firm filled in for him. Doc. 8 at 10. This prior hearing was not before the same Bankruptcy Court that ordered the dismissal, and the Bankruptcy Court did not mention that fact in the reasoning of its order. As such, this Court does not find it necessary or appropriate to consider that assertion in its analysis.

The Bankruptcy Court's order implies that it may have attributed Mr. Aderholt's failure to appear for the 7026 conference as the result of contumaciousness, and not mere neglect. The Bankruptcy Court wrote, "[For Mr. Aderholt] [t]o now suggest a lack of notice is disingenuous at best. There was no misunderstanding as alleged." Doc. 5-24. Nevertheless, neither the order nor the record evidences any reason for the Bankruptcy Court to doubt Mr. Aderholt's assertion that he misunderstood the Bankruptcy Court's oral orders and misread the docket entry. The record does reflect that notice regarding the two prior scheduling conferences was sent by first-class mail, not by ECF notice as in the case of the February 29 scheduling conference. Adversary Docket Sheet Entry 5, 7, Bankruptcy R. on Appeal, Doc. 5-1. It appears more plausible that when Mr. Aderholt declared that he had not received notice, he meant only that he had not received notice by mail, not that the Court did not provide notice of the order while Mr. Aderholt was standing in court. It is fathomable that Mr. Aderholt misinterpreted the Bankruptcy Court's December 9 order and the docket entry to mean that the February 29 hearing would only take place if NovaLash intended to file a default order. The Court is persuaded that Mr. Aderholt's failure to attend the 7026 hearing was the result of a good faith mistake, not a stubborn resistance to the orders of the Bankruptcy Court.

Also absent from the record in this case are circumstances that would implicate any of the aggravating factors. Reed avers that she has been prejudiced by NovaLash and that NovaLash's "refusal to follow the rules of procedure, orders of the court and stating falsehoods at the courts are by definition intentional acts." The Court does not agree. The Court does not perceive any prejudice whatsoever to Reed caused by Mr. Aderholt's failure to appear at the February 29 hearing. Further, as previously discussed, the record does not support the conclusion that Mr. Aderholt acted intentionally in missing the February 29 hearing or missing the filing deadline for

the 7026 report. NovaLash submitted its report to Reed and filed its motion to reconsider on the very same day that the Bankruptcy Court dismissed its case. Doc. 7 at 9. Mr. Aderholt's efforts to rectify his mistake do not bespeak disobedience.

The Fifth Circuit considered facts similar to those presented here in *Gonzalez v. Firestone Tire & Rubber Co.*, 610 F.2d 241 (5th Cir. 1980) and in *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382 (5th Cir. 1978). In both cases, the district court dismissed the plaintiff's claims after counsel negligently missed a pre-trial hearing. In *Silas*, the court based its ruling on the additional facts that plaintiff's counsel failed to answer interrogatories served one month prior to the conference and failed to prepare a stipulation. *Silas*, 586 F.2d at 385. In both cases the Fifth Circuit held that the district courts had exceeded their discretion in dismissing the claims. *Silas*, 586 F.2d at 387; *Gonzalez*, 610 F.2d at 248. In *Gonzalez*, the Fifth Circuit stated that it "has been reluctant to sustain the dismissal of a plaintiff's action with prejudice for failure to appear at a pre-trial conference in the absence of evidence of a prior course of dilatory or contumacious conduct." 610 F.2d 241, 248 (5th Cir. 1980) (citing *Graves v. Kaiser Aluminum & Chem. Co.*, 528 F.2d 1360 (5th Cir. 1976); *E. F. Hutton & Co. v. Moffatt*, 460 F.2d 284 (5th Cir. 1972); *Flaksa v. Little River Marine Constr. Co.*, 389 F.2d 885 (5th Cir.), Cert. denied, 392 U.S. 928, 88 (1968). Here the record does not present any evidence of a prior course of dilatory or contumacious conduct. Since 2010, NovaLash has zealously pursued its claims against Reed in state court, bankruptcy court, and now here on appeal. Therefore, the Court finds that the Bankruptcy Court abused its discretion in dismissing NovaLash's adversary proceeding.

### B. *Futility of Lesser Sanctions*

Lesser sanctions are strongly preferred over dismissal, and will suffice to deter or punish the offending conduct in "all but the most flagrant circumstances." *Raborn*, 275 Fed. Appx. at

406 (citing *Boazman v. Econ. Lab. Inc.*, 537 F.2d 210, 212-13 (5th Cir. 1976)). This is especially true where there are no facts in the record to indicate that the appellant "had knowledge of, or participation in, any of the derelictions of his counsel." *Id.* (citing *Flaksa*, 389 F.2d at 887. Where no lesser sanctions were imposed prior to the dismissal, "courts look for an express determination by the district court that lesser sanctions would have been futile." *Id.*

Here, the Bankruptcy Court never imposed lesser sanctions of any kind, and the Bankruptcy Court's orders dismissing the adversary proceeding and denying the motion to reconsider are devoid of any explanation why lesser sanctions would have been futile. As discussed above, NovaLash has not exhibited the kind of dilatory to contumacious conduct that warrants terminating sanctions. NovaLash is clearly not at fault for Mr. Aderholt's absence from the scheduling conference, and its right to pursue its claim against the Debtor should not be extinguished because Mr. Aderholt negligently misunderstood or mis-calendared the Bankruptcy Court's order. On remand, the Bankruptcy Court may, in its discretion, impose sanctions short of dismissal that it deems reasonable and proper. This Court does not express any opinion as to what, if any sanctions might be appropriate in this case.

### IV.   Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that the dismissal of NovaLash's adversary proceeding is reversed and the case is reinstated.

SIGNED at Houston, Texas, this 21st day of January, 2014.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE